### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

IN RE: ANTHEM, INC.            )            MDL DOCKET NO. 2617
CUSTOMER DATA SECURITY    )
BREACH  LITIGATION            )

### INTERESTED PARTY PLAINTIFF KIMBERLY T. HYDE'S RESPONSE
### IN SUPPORT OF THE TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT
### OF INDIANA PURSUANT TO 28 U.S.C. §1407 FOR
### CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS

Plaintiff Kimberly T. Hyde ("Plaintiff Hyde"), plaintiff in the action styled *Hyde v.*

*Anthem, Inc., et al.*, No. 15-cv-00319, pending in the United States District Court for the

Southern District of Indiana, pursuant to Rule 3.2(a)(iii) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, respectfully submits the following response in support of

transfer of actions to the Southern District of Indiana, pursuant to 28 U.S.C. §1407, for

consolidated or coordinated pretrial proceedings.  In support thereof, Plaintiff Hyde states as

follows:

**I.      INTRODUCTION**

On February 4, 2015, Anthem, Inc., doing business as Anthem Health, Inc., (together

with Anthem Companies, Inc. and Anthem Blue Cross Blue Shield of Georgia, "Anthem" or

"Defendants") announced that it had experienced a data breach, in which hackers had gained

personal information of its customers, including the customers' "names, birthdays, medical

IDs/social security numbers, street addresses, email addresses and employment information,

including income data."  Early reports indicated that this was the ***largest data breach*** involving a

health-care provider in United States history, with an estimated 80 million customers affected.

Following Anthem's February 4, 2015, announcement, a series of lawsuits have been filed in various District Courts across the United States.  Generally, these actions seek redress for Defendants' negligence, breach of implied contract, and breach of various state laws regarding the protection of consumers and their personal information.  Currently, there are at least 67 cases pending in at least 21 different federal District Courts throughout the nation related to this MDL proceeding (the "Actions").

On February 10, 2015, plaintiff Michael S. Weinberger filed his motion for the transfer of the Actions to the Southern District of Indiana, pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings.  Plaintiff Hyde fully supports coordination, consolidation and transfer to the Southern District of Indiana.   As more fully explained herein, Plaintiff Hyde believes that transfer of these cases to the Southern District of Indiana is much more appropriate than any other district, and that any of the judges in the Southern District of Indiana are capable of presiding over this matter.

## II.    ARGUMENT

### A.    Centralization to the Southern District of Indiana Will Promote 28 USC §1407's Goals of Insuring the Just and Efficient Conduct of the Actions and Avoiding Inconsistent or Conflicting Determinations

28 U.S.C. §1407(a) provides, in relevant part:

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on the multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The transfer of actions to a single forum under 28 U.S.C. §1407 is appropriate where, as here, it will prevent duplication of discovery and eliminate the possibility of overlapping or inconsistent pleading determinations by courts of coordinate jurisdictions.  *See In re Protegrity Corp. and Protegrity USA, Inc., Patent Litig.*, MDL No. 2600, 2015 U.S. Dist. LEXIS 14291, at *3 (J.P.M.L. Feb. 6, 2015) ("we find that these . . . actions involve common questions of fact, and that centralization in the [Southern District of Indiana] will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"); *In re Cmty. Health Sys. Inc., Customer Security Data Breach Litig.*, MDL No. 2595, 2015 U.S. Dist. LEXIS 14296, at *2 (J.P.M.L. Feb. 4, 2015); *In re Home Depot, Inc. Customer Data Breach Security Litig.*, MDL No. 2583, 2014 U.S. Dist. LEXIS 171949, at *2-*3 (J.P.M.L. Dec. 11, 2014); *In re Cook Med., Inc., IVC Filters Mktg., Sales & Practices & Prods. Liab. Litig.*, MDL No. 2570, 2014 U.S. Dist. LEXIS 148118, at *1-*2 (J.P.M.L. Oct. 15, 2014) (finding that "that centralization in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"); *In re Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig.*, MDL No. 2441, 2013 U.S. Dist. LEXIS 86004, at *3 (J.P.M.L. June 19, 2013); *In re NCAA Student-Athlete Concussion Injury Litig.*, MDL No. 2492, 2013 U.S. Dist. LEXIS 178576, at *4 (J.P.M.L. Dec. 18, 2013); *In re Parallel Networks, LLC*, 867 F. Supp. 2d 1352, 1353 (J.P.M.L. 2012).

The presence of common questions of fact strongly supports transferability and coordination under §1407.  *See In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, 374 F. Supp. 2d 1353, 1354 (J.P.M.L. 2005).  As the Panel has previously held, "transfer under Section 1407, and the presence of additional facts or differing legal theories is not significant when the

actions arise from a common factual core." *Home Depot*, 2014 U.S. Dist. LEXIS 171949, at *4 (citing *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012)); *see also In re Barclays Liquidity Cross & High Frequency Trading Litig.*, MDL No 2589, 2014 U.S. Dist. LEXIS 171956, at *3 (J.P.M.L. Dec. 12, 2014) ("Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization.").

These Actions are particularly amenable for MDL treatment because of the substantial commonality of factual and legal questions presented in the individual cases at issue and the strong potential for the preservation of judicial resources that MDL treatment will afford.  *See In re Supervalu, Inc.*, MDL No. 2586, 2014 U.S. Dist. LEXIS 174623, at *3 (J.P.M.L. Dec. 16, 2014) (finding common questions of fact in a data breach case weighed in favor of consolidation and centralization); *Home Depot*, 2014 U.S. Dist. LEXIS 171949, at *2-*3 (same); *In re Target Corp. Customer Data Security Breach Litig.*, 11 F. Supp. 3d 1338, 1138-39 (J.P.M.L. 2014) (same); *In re Schnuck Mkts., Inc.*, MDL No. 2470, 2013 U.S. Dist. LEXIS 149875, at *1-*2 (J.P.M.L. Oct. 18, 2013) (same); *In re Zappos.com, Inc.*, 867 F. Supp. 2d 1357, 1358 (J.P.M.L. 2012) (same);  *In re Sony Gaming Networks & Customer Data Security Breach Litig.*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011) (same);  *In re Heartland Payment Sys. Customer Data Security Breach Litig.*, 626 F. Supp. 2d 1336, 1337 (J.P.M.L. 2009) (same);  *In re TJX Cos. Inc., Customer Data Security Breach Litig.*, 493 F. Supp. 2d 1382, 1383 (J.P.M.L. 2007) (same).  The plaintiffs and proposed classes in all of these cases assert many of the same legal claims based upon these identical facts against the same defendant and its related entities.  They share the same core, operative factual allegations.  In addition, the Actions share the same legal claims

presented on the same or substantially similar legal theories.  These theories include negligence, breach of warranty, breach of contract, and violation of various unfair and deceptive trade practice acts.  In addition, centralization is necessary to prevent the duplication of discovery and inconsistent pre-trial rulings.  *See In re DirecTV, Inc.*, 655 F. Supp. 2d 1369, 1370 (J.P.M.L. 2009).

**B.      The Southern District of Indiana Is the Most Appropriate Forum**

While Plaintiff Hyde supports the other plaintiffs' requests for coordination and consolidation, generally, Plaintiff Hyde seeks transfer to the Southern District of Indiana.  The following considerations support transfer to the Southern District of Indiana:

- The Southern District of Indiana is under-utilized with respect to MDL proceedings;

- Anthem, Inc., the main defendant in the Actions,[1] is headquartered in Indianapolis, Indiana;

- As a result of Anthem's presence in Indianapolis, Indiana, witnesses and documents are likely to be located in Indiana;

- The Southern District of Indiana is in a major metropolitan area, in the center of the United States, which will be convenient for the lawyers and the witnesses;

- The other Judges in the Southern District of Indiana are well-equipped to handle this MDL; and

- There are currently 23 cases on file in the Southern District of Indiana, the most in any district.

Under 28 U.S.C. §1407(a), the Panel may transfer actions to "any district" and has wide discretion to choose the transferee court.  *See*, *e.g.*, *In re Methyl Tertiary Butyl Ether Prods.*

---

[1]    Some of the Actions name various Anthem related entities (*e.g.*, Anthem Companies, Inc.), which are also headquartered in Indiana.

*Liab. Litig.*, 241 F.R.D. 435, 439 (S.D.N.Y. 2007); Alba Conte & Herbert Newberg, *Newberg on Class Actions*, §9:16 (4th ed. 2002). The Panel considers a variety of factors in selecting the transferee court, including, but not limited to, the following: (1) the procedural advancement of an action;[2] (2) the familiarity of a judge with the proceedings; (3) the efficiency of a court's civil docket; and (4) a central location for national litigation. *See id.*

### 1.    The Southern District of Indiana Docket Is Highly-Efficient and Under-Utilized in MDL Proceedings

Additional §1407 factors for the selection of the transferee court include the backlog or efficiency of the district's docket, as well as its suitability as a trial venue. These §1407 factors further support the selection of the Southern District of Indiana as the transferee court. As demonstrated by the attached caseload statistics, the Southern District of Indiana has a well-managed docket capable of ensuring timely and expeditious resolution of these consolidated actions. *See* Southern District of Indiana's Judicial Caseload Report, attached hereto as **Exhibit A**.

Moreover, the court is under-utilized as a transferee court for MDL litigation. There are presently only two MDL proceedings assigned to the Southern District of Indiana. *See* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-17-2015.pdf, at p. 2 (last visited Feb. 25, 2015). In stark contrast, there are 14 MDL proceedings assigned to the Central District of California, the district with the next most related pending

---

[2]    Procedural advancement does not weigh in favor of any transferee forum.

actions, at 8.  *See id* at 1.  This under-utilization, in relative and absolute terms, justifies the transfer of MDL proceedings to the Southern District of Indiana.

Simply put, the Southern District of Indiana is the appropriate transferee forum based on MDL caseload alone.

### 2.     The Southern District of Indiana Is a Central and Convenient Location for This National Litigation

The Southern District of Indiana is the proper transferee forum as it is the location of Anthem, Inc.'s headquarters and Indiana is its state of incorporation.   As Anthem, Inc., or Anthem, Inc. related entities, are the majority, if not the only defendants in the Actions, it will likely be the location of many, if not all, of the cases' witnesses.  Further, the vast majority of the documentary evidence in the litigation is likely to be located in the Southern District of Indiana. As a result of these factors, "the center of gravity" weighs in favor of the Southern District of Indiana.  *See, e.g., Home Depot*, 2014 U.S. Dist. LEXIS 171949, at *4 (finding the Northern District of Georgia the appropriate transfer district because defendant is "headquartered in the Northern District of Georgia [and thus] relevant documents and witnesses are likely located within the district"); *Cook Med., Inc.*, 2014 U.S. Dist. LEXIS 148118, at *5 (finding the Southern District of Indiana the appropriate transfer district because defendant "is headquartered in Indiana, where relevant documents and witnesses are likely to be found"); *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 988 F. Supp. 2d 1377, 1378 (J.P.M.L. 2013) (finding the Northern District of Georgia the appropriate transfer district because defendant "has its sales and marketing headquarters in Atlanta, Georgia; thus, likely relevant documents and witnesses may be found in [the] district"); *In re Nutramax Cosamin Mktg. and Sales Practices Litig.*, 988 F. Supp. 2d 1371, 1372 (J.P.M.L. 2013) (transferring actions to the District of Maryland because

"Nutramax is headquartered in the district, and thus relevant documents and potential witnesses are likely to be found there");  *In re MF Global Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1381 (J.P.M.L. 2012) ("We conclude that the Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation . . . . [the defendant] is headquartered there. . . .").

A litigation of this scope will also benefit from centralization to a major metropolitan center like Indiana that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services.  *See In re: Method of Processing Ethanol Byproducts & Related Subsystems ('858) Patent Litig.*, 730 F. Supp. 2d 1379, 1380 (J.P.M.L. 2010) (finding that the Southern District of Indiana is a "readily accessible district"); *In re Bromine Antitrust Litig.*, MDL No. 1310, 1999 U.S. Dist. LEXIS 19204, at *2 (J.P.M.L. Dec. 9, 1999) (finding that "the [Southern District of] Indiana court is conveniently located and easily accessible").  To this end, airlines such as American, Delta, Frontier, Southwest, United and U.S. Airways service the Indianapolis International Airport. Further, Indiana is located near the geographic center of the contiguous United States.

### 3.    The Judges in the Southern District of Indiana Have the Expertise and Experience to Handle this Litigation through Conclusion

Any of the judges seated in the Southern District of Indiana are well-suited to handle the transfer of the Actions by the J.P.M.L. to his or her docket.[3]  Currently, Breach cases are pending

---

[3]    The judges include: Chief Judge Richard L. Young, Judge Sarah Evans Barker, Judge William T. Lawrence, Judge Jane E. Magnus-Stinson, Judge Tanya Walton Pratt and Judge Larry J. McKinney.

before Judge Jane E. Magnus-Stinson (6 actions), Judge William T. Lawrence (5 actions), Judge

Sarah Evans Barker (5 actions), Judge Tanya Walton Pratt (4 actions) and Chief Judge Richard

L. Young (3 actions).

Further, various judges from the Southern District of Indiana have experience with

handling multi-jurisdiction litigations.  For instance, MDL proceeding are currently pending

before Chief Judge Richard L. Young and Judge Larry J. McKinney.[4]  Further, Judges Sarah

Evans Barker and Jane E. Magnus-Stinson both had experience with the Firestone/Bridgestone

tire products liability MDL, which concluded in mid-2011, and included the transfer of 853

individual actions and over 14,000 docket entries.[5]

### 4.    The Number of Actions Pending in the Southern District of Indiana Favors Transfer to that District

Plaintiff Hyde also seeks transfer to the Southern District of Indiana based on the fact that

the most Actions are pending in that District.  *See* David F. Herr, *Multidistrict Litigation Manual*

§6:8 (2010) ("[T]he Panel will not normally transfer actions to a district in which no action is

then pending and the Panel clearly considers the number of actions pending in various districts to

determine the selection."); *see also Stryker Rejuvenate*, 2013 U.S. Dist. LEXIS 86004, at *5-*6

(finding that "the [Southern District of Indiana] is an appropriate transferee district for these

proceedings . . . ***where a plurality of actions and potential tag-along actions have been filed***").

---

[4]    Respectively, *In re Cook Med., Inc., IVC Filters Mktg., Sales & Practices & Prods. Liab. Litig.*, MDL No. 2570 and *In re: Method of Processing Ethanol Byproducts & Related Subsystems ('858) Patent Litig.*, MDL No. 2181.

[5]    *See*    http://www.theindianalawyer.com/closing-indianas-largest-mdl-line/PARAMS/article/ 26511 (*last visited* March 2, 2015).

As referenced above, 23 of the approximately 67 federal Actions are currently pending in the Southern District of Indiana, making it the district with the most related Actions, and further supporting a transfer to it.

## III.    CONCLUSION

Based on under-utilization alone, the Southern District of Indiana is the proper transferee forum.  In addition, Anthem, Inc. and its related entities are headquartered there, and it is a convenient major metropolitan location centrally located in the United States.  Finally, the judges and docket conditions in the Southern District of Indiana favor transfer to the Southern District of Indiana.  As such, the Panel should coordinate and consolidate these Actions and transfer them to the Southern District of Indiana.

WHEREFORE, Plaintiff Hyde respectfully requests that the Panel enter an Order pursuant to 28 U.S.C. §1407 consolidating or coordinating for pretrial proceedings the putative class actions presently pending in the Southern District of Indiana, as well as any other related actions that are subsequently-filed.

DATED:  March 3, 2015                       ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                    SAMUEL H. RUDMAN
                                    MARK S. REICH
                                    WILLIAM J. GEDDISH

*/s/ Mark S. Reich*
_____
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mreich@rgrdlaw.com
wgeddish@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
MARK J. DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com

STARR AUSTEN & MILLER LLP
SCOTT L. STARR
ANDREW B. MILLER
MARK S. FRYMAN, JR.
201 South Third Street
Logansport, IN 46947
Telephone: 574/722-6676
starr@starrausten.com
miller@starrausten.com
fryman@starrausten.com

JOHNSON & WEAVER, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, Georgia 30064
Telephone:  770/200-3104
770/200-3101 (fax)
michaelf@johnsonandweaver.com

COMPLEX LAW GROUP, LLC
DAVID M. COHEN
40 Powder Springs Street
Marietta, Georgia 30064
Telephone:  770/200-3100
770/200-3101 (fax)
dcohen@complexlawgroup.com

*Attorneys for Plaintiff Kimberly T. Hyde*

- 11 -