**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION**

In re:                                            )
                                                  )    MDL Docket No.  2617
ANTHEM, INC. CUSTOMER DATA     )
SECURITY BREACH LITIGATION     )

**PLAINTIFF GIOTTA'S RESPONSE TO MOTION TO CONSOLIDATE UNDER 28
U.S.C. §1407 SUPPORTING CONSOLIDATION AND REQUESTING TRANSFER
TO JUDGE KOH IN THE NORTHERN DISTRICT OF CALIFORNIA**

I.     INTRODUCTION

Plaintiff Loralaee Giotta ("Giotta") submits this Memorandum in response to the Motion for Consolidation and Transfer under 28 U.S.C. § 1407 ("Motion for Consolidation").[1] Giotta supports consolidation for the reasons stated in the Motion for Consolidation, but opposes transfer to the Southern District of Indiana. Giotta instead requests transfer to the Honorable Lucy H. Koh of the Northern District of California before whom the Giotta's action is pending, the first of seven filed in that District. Consolidation of the Anthem data breach actions in the Northern District of California before Judge Koh is the most appropriate forum which will best promote the just and efficient conduct of the actions for the following reasons and more:

- California, where Anthem was previously headquartered, has nearly a quarter (25%) of all current health insurance policyholders affected by Anthem's data breach, more than any other single state. More than one-third of all of the Anthem Breach cases filed were filed in California. Moreover, California is one of the few states in the nation that provides its residents with a statutory claim for a data breach. California will be a focal point of the issues in this MDL.

- Judge Koh of the Northern District of California has significant experience presiding over data breach class actions and cases involving complex technical computer privacy issues, including recently presiding over the *In re: iPhone/iPad Application Consumer Privacy Litig* MDL, and *In re: Google Inc. Gmail Litig*. MDL, and the *In re Adobe Systems, Inc. Privacy Litigation*. Judge Koh's experience, which few other federal court judges have, means pretrial proceedings before her for this MDL will be more efficiently and effectively managed than the actions otherwise would be before a judge that must "get up to speed" on the legal and technical computer issues surrounding data breach cases.

- The Southern District of Indiana is the sixth busiest federal district court in the country. The district is comprised of five full-time judges and one senior judge, who are reportedly presiding over an average of 724 cases each as of 2014. The Northern District of California, on the other hand, has 24 judges with an average of 267 cases each, including 17 pending MDL cases that account for 649 of these cases. Judge

---

[1] Giotta's action is pending in the Northern District of California at Case No.: 5:15-cv-00618-LHK, and is identified as a related action in the Motion for Consolidation at MDL No. 2617, Dkt. No. 1-2 (Schedule of Actions).

1

        Koh, who is not currently presiding over any MDL, will have a much lighter case load than any of the full-time judges in the Southern District of Indiana.

- Transfer to the Southern District of Indiana would not serve the convenience of the parties or witnesses in these actions. Although Anthem may be headquartered in Indianapolis currently, its data centers are decentralized and there is no evidence that the breach occurred through computers at Anthem's headquarters. Since the stolen data was housed at locations outside of Anthem's headquarters, the relevant documents and witnesses will likely be found in those decentralized locations outside of Indiana.

- The Panel has recently recognized that "[t]he Northern District of California is an accessible and convenient forum – both for witnesses located [nearby] and for parties located across the country." *In re Yosemite Nat'l Park Hantavirus Litig.*, 24 F Supp 3d 1370, 1371 (JPML 2014). Indeed, its three major Bay Area airports with thousands of flights far outpaces the single under-serviced Indianapolis airport in the Southern District of Indiana. Plus, a third of the cases filed are filed in California, and, unlike Indiana, Anthem's lawyers, along with a high proportion of Plaintiffs' lawyers, have offices in California, making the Northern District of California the most convenient.

## II.    ARGUMENT

Under 28 U.S.C. § 1407, the Panel may consolidate and transfer actions if it determines that: (1) "one or more common questions of fact are pending in different districts;" (2) transfer would serve "the convenience of the parties and witnesses;" and (3) transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The transfer and coordination sought here would fulfill these criteria as explained in the Motion for Consolidation. However, the United States District Court for the Northern District of California is the most appropriate transferee court as it would best promote the just and efficient conduct of the actions, and will best serve the convenience of the parties and witnesses.

### A.  Current Status of Pending Lawsuits

As of the date of this response, there are sixty-eight (68) total actions filed ("Lawsuits"). Each of the Lawsuits alleges claims on behalf of state-wide or nationwide classes of Anthem's

2

customers whose personal and financial information were taken in the data breach announced by Anthem on February 4, 2015 ("Anthem Breach").

### B. The Pending Lawsuits Satisfy the Requirements of 28 U.S.C. 1407 Because Consolidation Is Necessary to Coordinate Pretrial Proceedings and to Avoid Duplication of Effort and Potentially Inconsistent Rulings on Issues of Law

The Lawsuits are suitable for consolidation under 28 U.S.C. § 1407 because they, and those yet to be filed, all derive from the same operative facts. All of the cases involve the same factual and legal issues relating to the circumstances and potential causes of action as a result of the Anthem Breach, and allege claims on behalf of similar, overlapping classes. All of the Lawsuits will involve essentially the same pretrial discovery, and all will involve common issues of fact and law making consolidation and transfer appropriate.

The Lawsuits will also involve the same procedural issues related to the scheduling, scope, and conduct of pre-trial discovery, and same legal issues related to standing and basis for alleging causes of actions for the same common law claims raised in almost each of the Lawsuits. The Lawsuits require consolidation to avoid unnecessary duplication of effort, duplication of pretrial discovery, and potentially inconsistent rulings on legal issues. Consolidation before a single judge will result in discovery orders that will provide a single, coordinated, and uniform approach to pretrial discovery and the consistent resolution of legal issues. *In re Holiday Magic Sec. & Antitrust Litig.*, 368 F. Supp. 806, 807 (J.P.M.L. 1973)(holding consolidation and transfer of actions to the Northern District of California was necessary "for coordinated or consolidated pretrial proceedings is necessary in order to avoid duplication of discovery and eliminate the possibility of inconsistent class determinations," where "all actions in this litigation clearly raise common factual issues and contain similar class allegations").

3

Also, it is a virtual certainty that a substantial number of additional actions will be filed in the United Sates. The lawsuits currently on file have been brought on behalf of less than 100 of Anthem's customers whose information was stolen. This number represents only a fraction of a fraction of the nearly 80 million Anthem consumers whose personal, financial and possibly health information were taken in the Anthem Breach. Many of those who have not yet filed suit inevitably be filing lawsuits in the near future.

### C. The Northern District of California Is the Appropriate Jurisdiction for the Consolidation of These Cases

The Anthem Breach Lawsuits have more of a locus to California than any other venue, and transfer to Judge Koh of the Northern District of California will best serve the convenience of the parties and witnesses, and will best promote the just and efficient conduct of the actions.

The largest concentration of Anthem's customers affected by the Anthem Breach is in California, as Blue Cross of California accounts for nearly 25% of Anthem's current health insurance policyholders.[2] Indeed, more than one-third of all of the Anthem Breach lawsuits filed to date, (24), are filed in federal courts in California, and seven are pending in the Northern District of California. Until recently, Anthem was headquartered in California at its predecessor's, WellPoint, Inc.'s, offices, and Anthem still maintains offices and facilities throughout California. California is also one of the few states in the nation with a statutory cause of action as a result of personal information being stolen in a cyber-breach such as the Anthem Breach here. *See* California Data Breach Act, Cal. Civ. Code §§ 1798.80, *et seq*.

The first-filed case within the Northern District of California, *Giotta v. Anthem, Inc. et al.*, was assigned to the Honorable Lucy H. Koh. Case No. 5:15-cv-618 (filed February 9, 2015).

---

[2] *See* http://www.sfvbj.com/news/2015/feb/20/issue-preview-anthem-data-breach-not-fatal/.

Pursuant to Northern District of California Local Rule 3-12, later-filed actions that concern the same transaction or event as raised in *Giotta* will be referred to Judge Koh for relation to *Giotta*.[3]

Judge Koh has extensive experience presiding over complex, tech-based MDLs having been the transferee judge in the *In re: iPhone/iPad Application Consumer Privacy Litig*. *See* MDL No. 2250, 802 F. Supp. 2d 1363 (U.S. Jud. Pan. Mult. Lit. 2011) (finding "that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation"), and *In re: Google Inc. Gmail Litig.*, 936 F. Supp. 2d 1381, 1382 (U.S. Jud. Pan. Mult. Lit. 2013) (transferring actions to the Northern District of California, and finding "Judge Lucy H. Koh is an experienced transferee judge with the willingness and ability to handle this litigation"). In *In re: iPhone/iPad Application Consumer Privacy Litig*, and *In re: Google Inc. Gmail Litigation*, Judge Koh's pre-judicial technical knowledge and bench experience allowed her to understand highly technical issues that often arise in cases involving computer security systems.[4] Both of these MDLs have now concluded, and Judge Koh has shown she is more than capable to preside over another complex, tech-based MDL.

---

[3] A motion to relate those cases filed in the Northern District of California to Giotta is pending. *See Giotta*, Case No. 5:15-cv-618, Dkt. No. 19.

[4] Other computer and technology centric cases Judge Koh has or continues to preside over includes:  *Perkins v. LinkedIn Corp.*, No. 13-CV-04303-LHK, 2014 WL 2751053, at *10 (N.D. Cal. June 12, 2014)(analyzing Article III standing in action alleging unfair competition, wiretap violations and violations of the Stored Communications Act by social media company using its users' profiles to promote its service); *Herskowitz v. Apple, Inc.*, No. 12-cv-2131-LHK  (N.D. Cal. 2014) (putative class action for charging for products not wanted or ordered through an electronic store); *In re Yahoo Mail Litig.*, No. 5:13-CV-04980,(N.D. Cal.)(putative class action over violation of privacy laws by email service provider that scanned and copied non-customers' emails); *Apple, Inc. v. Samsung Electronics Co.,* No. 12-CV-00630-LHK (N.D. Cal.) (smart phone and tablet intellectual property, antitrust and trade dress action taken through a 4 week trial and continued over the issue of ongoing royalties); and *Elias v. Hewlett-Packard Co*., 950 F. Supp. 2d 1123, 1125 (N.D. Cal. 2013) (consumer class action for sale of computers with under-powered power supplies).

Judge Koh also has substantial experience with massive data breach class actions. Judge Koh currently presides over seven consolidated class action cases against Adobe Systems stemming from a 2013 data breach that affected 38 million consumers. *See In re Adobe Systems, Inc. Privacy Litigation*, Case No. 13-cv-5226-LHK (N.D. Cal.). In presiding over these consolidated class actions, she recently wrote a 24 page opinion analyzing the issue of standing to sue by a consumer after a data breach similar to the Anthem Breach at issue here. *See In re Adobe Sys., Inc. Privacy Litig.,* No. 13-CV-05226-LHK, 2014 WL 4379916, (N.D. Cal. Sept. 4, 2014). In that case, Judge Koh found that the plaintiffs' claims for future potential harm was sufficient to convey Article III standing based upon Supreme Court and Ninth Circuit precedent. *Id*. at **5-8 (analyzing Article III standing for data breach claims in light of *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013) and *Krottner v. Starbucks Corp.,* 628 F.3d 1139 (9th Cir.2010)). Unlike other judges who would have to get up to speed on both the technical side of cyber theft, and the legal side of Article III standing as it relates to future potential injuries resulting from cyber theft, Judge Koh is uniquely prepare to understand the claims and adjudicate these issues on day one.

Moreover, Judge Koh's experience in computer and data breach cases will give her a unique perspective regarding discovery. While many plaintiffs in large MDLs take a scorched-Earth or "shotgun" approach to discovery, Judge Koh will be able to manage what discovery is needed for the plaintiffs in the Lawsuits to prove their claims which will further allow the pretrial proceedings to proceed efficiently. *See* 28 U.S. C. § 1407 (the purpose of coordination and transfer is to promote "the convenience of parties and witnesses" and "the just and **efficient** conduct of such actions")(emphasis added). Thus, it is in the best interests of the court system and parties to allow a judge who is up to speed on the technical, legal and factual issues, and who

6

can best manage and preside over the MDL, to see that it proceeds efficiently. Judge Koh already has all of this knowledge and experience, and is in the best position to efficiently preside over the Lawsuits.

### D. No Other Venue Has More Connection to the Anthem Breach than California

The Motion for Consolidation proposes transfer of the Lawsuits to the United States District Court for the Southern District of Indiana. MDL 2617, Dkt. No. 1. However, transfer to the Southern District of Indiana would not be for the convenience of the parties and witnesses, or promote greater efficiency than the Northern District of California.

Indiana is not the focus of the events surrounding the Data Breach. Anthem has not stated publically that the computers breached were located at Anthem's headquarters in Indianapolis, or even elsewhere in Indiana. Anthem maintains data centers in various states throughout the country, but none of the data centers are in Indiana that Ms. Giotta is aware of. Anthem contracts with International Business Machines Corp. ("IBM") for the purpose of maintaining and securing Anthem's data centers,[5] and previously contracted with Affiliated Computers Services, Inc. ("ACS") to provide Anthem with data centers.[6] IBM is headquartered in New York and ACS is based in Texas, not Indiana.

Although Anthem is presently headquartered in Indiana, this fact alone does not mean that any of the witnesses or documents related to the Anthem Breach will be located at Anthem's headquarters in Indiana. The facts that form the bases for the claims in the Lawsuits are based on Anthem's failure to adequately secure personal, financial, and possibly health information

---

[5] *See* https://www-03.ibm.com/press/us/en/pressrelease/45894.wss (announcing a 5 year renewed partnership for IBM to provide operational services for Anthem's mainframe and data center server and storage infrastructure).

[6] *See* http://www.computerworld.com/article/2589942/healthcare-it/brief--acs-inks--50m-outsourcing-pact-with-anthem.html and http://www.prnewswire.com/news-releases/acs-signs-outsourcing-services-agreement-with-anthem-blue-cross-and-blue-shield-71957162.html.

7

that was housed on servers at Anthem's data centers located outside of Indiana. The allegations in the Lawsuits are not ones grounded in fraud which might implicate the company's CEO or executives in a larger scheme. Rather, the issues in these Lawsuits are based on negligent or reckless technical decisions in storing computer data collected by Anthem throughout the country – an issue that is more likely to be found at the data centers that housed the information than at the company's headquarters. Thus, the witnesses and documents relevant to these actions may not be centralized anywhere, let alone at Anthem's headquarters in Indiana. Accordingly, centralization and transfer to the Southern District of Indiana would not serve the convenience of the witnesses or parties, and would not promote any greater efficiency than transfer to the Northern District of California.

### E. Other Factors Favoring Northern District of California (San Jose) Over the Southern District of Indiana (Indianapolis)

In addition to the convenience of the witnesses and parties, and just and efficient pretrial proceedings, there are practical reasons that makes transfer to the Northern District of California at San Jose preferable over the Southern District of Indiana at Indianapolis.

Currently, the Southern District of Indiana is an over-burdened courthouse that may not have the resources to handle a large MDL such as this one. In 2014, the Southern District of Indiana was reportedly the sixth busiest court in the country, with its six judges handling 724 cases each on average.[7][8] One of these six judges is already on Senior Status, and Judge Sarah

---

[7] *See* "Southern Indiana federal court needs more judges," located at http://www.newsandtribune.com/news/clark_county/southern-indiana-federal-court-needs-more-judges/article_148971eb-9b53-5fdf-a04a-f369d5f793fa.html.

[8] *See* "No relief in sight for busy Southern District judges, "located at http://www.theindianalawyer.com/no-relief-in-sight-for-busy-southern-district-judges/PARAMS/article/33530.

8

Evans Barker, who has 5 of the currently-pending 25 Anthem Breach lawsuits filed within that District, was planning on transitioning to Senior Status last year, but still holds a full caseload.[9]

Unlike the Southern District of Indiana, the 24 judges within the Northern District of California are handling on average 267 cases according to federal statistics.[10] The difference in caseloads is stunning, especially given that there are currently 17 pending MDLs in the Northern District of California (none before Judge Koh) comprised of 649 currently-pending cases, and only 2 MDLs pending in the Southern District of Indiana comprised of 81 cases.[11] Given the disparity of caseloads, Judge Koh will be able to manage the more than 60 additional cases more easily than any of the judges within the Southern District of Indiana, making transfer to the Northern District of California appropriate.[12] *See, e.g., In re Webvention LLC ('294) Patent Litig.,* 831 F. Supp. 2d 1366, 1367 (J.P.M.L. 2011) (transferring coordinated actions to the District of Maryland, despite no constituent action pending there, due to the heavy caseloads in other proposed districts); *In re Skechers Toning Shoe Prods. Liab. Litig.*, 831 F. Supp. 2d 1367, 1370 (J.P.M.L. 2011) (transferring coordinated actions to the Western District of Kentucky because it "enjoys general docket conditions conducive to the efficient resolution" of the cases compared to the other proposed districts).

---

[9] *See* "Senior status not likely to slow Judge Barker," located at http://www.theindianalawyer.com/senior-status-not-likely-to-slow-judge-barker/PARAMS/article/33840.

[10] Based on statistics found at http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2014.aspx.

[11] *See* Pending MDLs by District as of February 17, 2015 located at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-17-2015.pdf.

[12] According to statistics provided by the Judicial Conference of the United States, the Southern District of Indiana had a total of 2,582 civil and criminal cases pending as of March 31, 2014. This would equate to over 430 cases for each of six full-time judges which is still much greater than the Northern District of California's average of 267 cases per judge based on the same caseload statistics.

The convenience of the parties will also be served by transfer to the Northern District of California over the Southern District of Indiana. It goes without saying that travel to and from the Northern California Bay Area, which has three major airports and sees thousands of flights daily, is easier than travel to Indianapolis. *See, e.g.*, *In re Yosemite Nat'l Park Hantavirus Litig.*, 24 F Supp 3d 1370, 1371 (JPML 2014) ("The Northern District of California is an accessible and convenient forum – both for witnesses located [nearby] and for parties located across the country").[13] As mentioned above, more than one third of all of the Lawsuits were filed in one of the four Districts within California. Outside of California, the Lawsuits have been filed in 16 other districts, only one of which is in Indiana.

Moreover, many of the Lawsuits involve plaintiffs represented by attorneys licensed in or with offices located in California. Anthem's counsel, Hogan Lovells, maintains two offices within the Northern California Bay Area (San Francisco and Silicon Valley) and a third office in Los Angeles, but has no offices in Indiana or the closest major city, Chicago. While Indiana might be geographically located towards the center of the country, the Northern District of California would certainly be more convenient in terms of travel for the parties and their attorneys involved in these actions than would the Southern District of Indiana.

## III. CONCLUSION

For all the reasons stated above, the Lawsuits should be consolidated and transferred to the United States District Court for the Northern District of California before the Honorable Lucy H.Koh.

---

[13] Unlike the airports in the Bay Area, Indianapolis International Airport has only 135 daily departures. *See* http://www.indianapolisairport.com/information_news/airportFacts.aspx.

DATED:  March 3, 2015						Respectfully Submitted,

                 /s/Joseph N. Kravec, Jr.
                 Joseph N. Kravec, Jr.

William T. Payne
Wyatt A. Lison
**FEINSTEIN DOYLE**
 **PAYNE & KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email:  wpayne@fdpklaw.com
Email:  jkravec@fdpklaw.com
Email:  wlison@fdpklaw.com

***ATTORNEYS FOR PLAINTIFF LORALEE GIOTTA***

11

**PROOF OF SERVICE**

I, Joseph N. Kravec, Jr., counsel for Plaintiff Loralee Giotta, hereby certify that on March 3, 2015, I caused to be filed a true and correct copy of the foregoing

**PLAINTIFF GIOTTA'S RESPONSE TO MOTION TO CONSOLIDATE UNDER 28 U.S.C. §1407 SUPPORTING CONSOLIDATION AND REQUESTING TRANSFER TO JUDGE KOH IN THE NORTHERN DISTRICT OF CALIFORNIA**

using the Judicial Panel on Multi-District Litigation's Electronic Case Filing (CM/ECF) System, which automatically generated and sent a notice of electronic filing to the e-mail addresses of all counsel of record.

Dated: March 3, 2015                                         /s/Joseph N. Kravec, Jr.
                                                                            Joseph N. Kravec, Jr.