BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE | : | MDL No. 2617 |
| | : | |
| **Anthem, Inc., Customer Data Security Breach Litigation** | : | |
| | : | |
| _____ | : | |

**RESPONSE OF PLAINTIFFS CAMERON CHEHRAZI AND HELEN BRAYNIS IN SUPPORT OF THE MOTION OF PLAINTIFF MICHAEL S. WEINBERGER FOR TRANSFER AND COORDINATION IN THE SOUTHERN DISTRICT OF INDIANA PURSUANT TO 28 USC § 1407**

Plaintiffs Cameron Chehrazi and Helen Braynis in the action styled *Cameron Chehrazi and Helen Braynis v. Anthem Corp.*, Case No. 1:15-cv-00326-TWP-DKL, pending in the United States District Court for the Southern District of Indiana, pursuant to Rule 3.2(a)(iii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, respectfully submit the following response in support of the Motion for Transfer to the Southern District of Indiana filed by Michael S. Weinberger ("Moving Plaintiff") in the case *Weinberger v. Anthem, Inc.* Case No. 15-cv-201. Plaintiffs Chehrazi and Braynis support coordination and transfer of all cases in the Southern District of Indiana.

**1. Facts**

As the Panel is well aware from other filings, these matters arise out of an announcement by Defendant Anthem, Inc. ("Anthem") on February 14, 2015, that the security of its data had been breached, giving hackers access to the sensitive personal information of Anthem's members and former members. Plaintiffs Chehrazi and Braynis were just two of the approximately 80 million people impacted by this breach. The announcement led to the filing of numerous class actions against Anthem asserting similar legal theories of liability. At last count, more than 70such cases were active in more than 20 different districts. A clear plurality of those cases, at least 25, were filed initially in the Southern District of Indiana.

## 2. Coordination of the Cases is Appropriate

Ample precedent supports coordinating and transferring multiple cases arising from the breach of a defendant's data security. *See, e.g., In re Zappos.com, Inc.*, 867 F. Supp. 2d 1357, 1358 (J.P.M.L. 2012) (coordinating and centralizing data breach cases); *accord In re Heartland Payment Sys. Customer Data Sec. Breach Litig.*, 626 F. Supp. 2d 1336, 1337 (J.P.M.L. 2009). Coordinating the cases at issue here would maximize efficiency and minimize the expenditure of judicial resources because they share many common issues of law and fact. *See, e.g., In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011) (coordinating and centralizing cases arising from breach of defendant's data security because cases featured common legal and factual issues); *accord In re TJX Cos. Data Sec. Breach Litig.*, 493 F. Supp. 2d 1382, 1383 (J.P.M.L. 2007). Such treatment is certainly appropriate here where the plaintiff classes in these actions assert many virtually identical legal claims – primarily breach of contract, breach of warranty, negligence and violation of applicable unfair and deceptive trade practice acts -- based upon identical facts against a single defendant and its related entities.

## 3. The Southern District of Indiana Is the Most Suitable Forum

Plaintiffs Chehrazi and Braynis share the opinion of the Moving Plaintiff that transfer of these cases to Southern District of Indiana is optimal for a number of reasons. Anthem has its headquarters in Indianapolis, within the district, and thus many of the most important witnesses and documents, as well as the data system itself, are presumably located there. A clear plurality of these cases was filed in the Southern District of Indiana, and this expression of the choice of forum by plaintiffs is entitled to some consideration. Further, Indianapolis is a major city, centrally located, providing relatively easy access for parties, witnesses and counsel compared to

some of the alternative forums. Lastly, the docket in the Southern District is less overcrowded than many others and is not overburdened with MDL cases.

**4. Conclusion**

For the reasons set forth above, Plaintiffs Chehrazi and Braynis respectfully submit that the cases at issue here should be co-ordinated and centralized in the Southern District of Indiana.

Dated: March 27, 2015                              **GREEN & NOBLIN, P.C.**


By:  *s/ Robert S. Green*
         ROBERT S. GREEN

James Robert Noblin

700 Larkspur Landing Circle, Suite 275
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

*Attorneys for Plaintiffs*
*Cameron Chehrazi and Helen Braynis*

## **PROOF OF SERVICE**

I, Robert S. Green, counsel for Plaintiffs Cameron Chehrazi and Helen Braynis, hereby certify that on March 27, 2015, I caused to be filed a true and correct copy of the foregoing:

**RESPONSE OF PLAINTIFFS CAMERON CHEHRAZI AND HELEN BRAYNIS IN SUPPORT OF THE MOTION OF PLAINTIFF MICHAEL S. WEINBERGER FOR TRANSFER AND COORDINATION IN THE SOUTHERN DISTRICT OF INDIANA PURSUANT TO 28 USC §1407**

using the Judicial Panel on Multi-District Litigation's Electronic Case Filing (CM/ECF) System, which automatically generates and sent a notice of electronic filing to the e-mail addresses of all counsel of record.

Dated:  March 27, 2015                    */s Robert S. Green*
                                                              Robert S. Green