### BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ANTHEM, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 2617 |

### INTERESTED PARTY RESPONSE

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML" or "Panel"), The Blue Cross Blue Shield Association ("BCBSA") and Independence Blue Cross, n/k/a Independence Health Group, Inc. ("Independence") (collectively, "the *Ross* Defendants"), respectfully submit this Interested Party Response in opposition to Plaintiff Wendy Ross' Interested Party Response In Opposition to Motion to Transfer ("Ross' Opposition") (Dkt. 223).

The *Ross* Defendants are named defendants in *Ross v. Blue Cross Blue Shield and Independence Blue Cross*, No. 15-cv-2006 (N.D. Ill.), one of the many lawsuits filed in the wake of the cyber-attack on Anthem, Inc. and its affiliates (collectively, "Anthem"), which is the subject of the above-captioned multidistrict litigation ("MDL"). (*See* Dkt. 198-3.) BCBSA filed a Notice of Related Action on April 28, 2015 to notify the JPML of this potential tag-along action.[1] (*See* Dkt. 198.) In response, Plaintiff Ross filed an Interested Party Response In Opposition to Motion to Transfer. (*See* Dkt. 223.) Ross' Opposition does not actually oppose

---

[1] Ross argues that it was improper for BCBSA to file a Notice of Related Action because BCBSA is not named in any of the other class actions presently before the Panel. Ross is wrong. The *Ross* case is a potential tag-along because it "involves common questions of fact" with other actions already before the Panel. (JPML Rule 6.2(d).) Nothing in the Rules precludes BCBSA from notifying the JPML of a potential tag-along where the other parties and counsel to the action have failed to inform the Panel of the lawsuit. As BCBSA stated in its Notice, "[Ross's] counsel represents other plaintiffs in two of the Anthem data breach class actions" already pending before the Panel. (Dkt. 198, at 1.)

transfer and consolidation of any matter identified in the pending Motion for Consolidation and Transfer Under 28 U.S.C. § 1407, filed by Plaintiff Michael Weinberger ("Motion to Transfer"), scheduled to be heard on May 28, 2015. Instead, under the guise of an Interested Party Response, Ross argues (prematurely) that her potential tag-along action should not be transferred or consolidated with the other Anthem data breach cases. (*See id.* at 1.) Not only procedurally improper,[2] her arguments are meritless. Notwithstanding the procedural flaws in Ross' filing, the *Ross* Defendants submit this Interested Party Response to correct the misstatements of law and fact in Ross' Opposition.

Transfer and consolidation of a tag-along action are appropriate when the action involves "one or more common questions of fact" with the pending MDL such that transfer would promote the just and efficient conduct of the action and be convenient for the parties and witnesses. 28 U.S.C. § 1407. Here, the central fact issue in MDL 2617—whether Anthem failed to take reasonable measures to protect its data—likewise forms the factual basis for the claims in the *Ross* action. It should therefore be consolidated with all of the other cases that concern the Anthem data breach. Ross' arguments to the contrary are factually unsupported and legally immaterial.

---

[2] For the reasons described in The *Ross* Defendants' Reasons Why Oral Argument Should Not Be Heard (Dkt. 246), Ross' Opposition is premature and improper and should not be heard on May 28, 2015. In response, on May 26, 2015, Ross filed a Rule 11.1 Statement of Reasons Why Oral Argument Should Be Heard (Dkt. 255), in which she argues that she should be heard now. Ross rests her argument on generic claims of "litigation efficiency" (*id.* at 1), while ignoring the specific JPML rules and procedures that are in place to give her, the *Ross* Defendants, and other parties to the various tag-along actions an opportunity to address the merits of consolidating their cases with a previously transferred action in an orderly fashion. (*See* JPML Rules 6.2, 7.1, and 8.2.) Ross confuses impatience with efficiency. The JPML Rules provide an orderly and fair process for addressing consolidation and transfer of potential tag-along actions. Ross offers no sound reason why her case should be treated differently than any other potential tag-along action.

### A. The Anthem Data Breach Was The Impetus For The *Ross* Action, Just As It Was For The Seventeen Other Actions At Issue In The Motion To Transfer.

Ross' assertion that she "*is not* prosecuting a data breach case" is disingenuous and inconsistent with her own complaint allegations. (Dkt. 223 at 1 (emphasis in original).) The Anthem data breach is the predicate for all of the claims asserted in *Ross*. The *Ross* complaint, like the other complaints pending before the JPML, contains allegations that patients' personal information was compromised as a result of the Anthem data breach.[3] Specifically, Ross alleges that Anthem "failed to secure its databases" and that it was "Anthem's mismanagement of its databases" that allowed the "Plaintiff Class members' Sensitive Information to be stolen." (*See* Dkt. 198-3 at ¶ 7.) These allegations are almost identical to allegations found in each of the seventeen cases identified in the Motion to Transfer. *See Keyser v. Anthem, Inc.*, No. 15-cv-0178, Compl. ¶¶ 2–3 (S.D. Ind.), Dkt. 1-18; *Meadows v. Anthem, Inc.*, No. 15-cv-0163, Compl. ¶ 2 (S.D. Ind.), Dkt. 1-19; *Liu v. Anthem, Inc.*, No. 15-cv-0215, Compl. ¶¶ 1, 4 (C.D. Cal.), Dkt. 1-9; *Weinberger v. Anthem, Inc.*, No. 15-cv-0201, Compl. ¶¶ 1, 20 (S.D. Ind.), Dkt. 1-4; *Giotta v. Anthem, Inc.*, No. 15-cv-0618, Compl. ¶¶ 1–6 (N.D. Cal.), Dkt. 1-6; *Juliano v. Anthem, Inc.*, No. 15-cv-0219, Compl. ¶¶ 5–6 (N.D. Ala.), Dkt. 1-5; *Kirby v. Anthem, Inc.*, No. 15-cv-0820, Compl. ¶ 1 (C.D. Cal.), Dkt. 1-6; *Morris v. Anthem, Inc.*, No. 15-cv-0196, Compl. ¶¶ 1–2 (C.D. Cal.), Dkt. 1-7; *Powell v. Anthem, Inc.*, No. 15-cv-0314, Compl. ¶¶ 1–2 (E.D. Cal.), Dkt. 1-11; *McKinley v. Anthem, Inc.*, No. 15-cv-0096, Compl. ¶ 1 (S.D. Ohio), Dkt. 1-20. To prevail on her claims, Ross must start by proving the very same thing that these other plaintiffs must prove: that Anthem did not take reasonable measures to protect its data. Only then do issues relating to the *Ross* Defendants' conduct—whether BCBSA and/or Independence bear some responsibility

---

[3] It is telling that Ross mentions Anthem no fewer than thirty times in her 111-paragraph complaint.

for Anthem's alleged failure to secure member data—become relevant. (Dkt. 198-3 at ¶¶ 26, 32.)

> B. **Any Purported Differences Between The *Ross* Action And The Other Anthem Data Breach Actions Are Irrelevant To The Question Of Transfer.**

The fact that the *Ross* action involves some additional issues is irrelevant to the question of transfer. Transfer under Section 1407 does not require all, or even most, of the factual issues to be common to all of the lawsuits. *See*, *e.g.*, *In re Zyprexa Products Liability Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004). There is no "predominance" requirement. *See*, *e.g.*, Herr, *Multidistrict Litigation Manual* § 5:44 (2012). The JMPL has held repeatedly that the key issue in determining whether to transfer an action for consolidation is whether the actions involve "one or more common questions of fact," 28 U.S.C. § 1407, not that the legal claims asserted be identical. For example, in *In re The Home Depot, Inc., Customer Data Security Breach Litig.*, the JPML concluded that all of the actions "arise from a common factual core—namely, the Home Depot data breach" and that the actions will therefore share common discovery and pretrial practice "even if certain claims or defenses are not identical." *See* MDL No. 2583, 2014 WL 7006970, at *1 (J.P.M.L. Dec. 11, 2014). "As we have stated on numerous occasions," the Panel wrote, "a complete identity of common factual issues is not a prerequisite to transfer under Section 1407, and the presence of additional facts or differing legal theories ***is not significant*** when the actions arise from a common factual core." *Id.* (emphasis added); *see also In re General Motors Class E Stock Buyout Sec. Litig.*, 696 F. Supp. 1546, 1546–47 (J.P.M.L. 1988) (*per curiam*) ("While the legal theories involved in [the subject case] are different from those asserted in [the other actions], underlying factual allegations remain common . . . .").

Similarly, Ross' tactical decision to sue different parties is irrelevant to the question of consolidation.[4]  The JPML has rejected the argument that transfer should not be ordered where the parties are not the same in the various cases.  For example, the Panel has ordered the transfer of a case where one of the defendants in that action is not a party to any of the other actions when "discovery on the questions of fact involving [that defendant] is tied to the other common discovery."  *In re Airport Car Rental Antitrust Litig.*, 448 F. Supp. 273, 275 (J.P.M.L. 1978); *see also In re Phar-Mor. Inc., Sec. Litig.*, No. 959, 1994 WL 41830, at *1 (J.P.M.L. Jan. 31, 1994) (where common issues of fact were presented, transfer was proper despite difference in legal theories and parties).

Moreover, there is, in fact, overlap among the interested parties here.  Ross' complaint alleges a putative defendant class consisting of all non-Anthem licensees of the BCBSA.  At least four members of that putative defendant class are also named defendants in cases brought against Anthem.  *See McGill, et al. v. Anthem, Inc., et al.*, No. 4:15-cv-00050 (S.D. Ind.), Dkt. 199-3 (naming Blue Cross Blue Shield of Michigan as defendant); *Ames, et al. v. Anthem, Inc., et al.*, No. 1:15-cv-0465 (S.D. Ind.), Dkt. 172-3 (naming Blue Cross and Blue Shield of Arizona, Inc. and Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey as defendants); *Shiltz, et al. v. Anthem, Inc., et al.*, No. 2:15-cv-04083 (S.D. W.Va), Dkt. 172-9 (naming Highmark West Virginia Inc. d/b/a Highmark Blue Cross Blue Shield of West Virginia as defendant).

The same is true on the plaintiff's side.  Ross and members of the putative plaintiff class she seeks to represent are also members of the putative classes in several lawsuits brought against Anthem asserting claims related to the Anthem data breach.  *See, e.g., Becker et al. v.*

---

[4]  And Ross' decision not to name Anthem is a tactical one. As set forth *infra*, Ross is a member of numerous overlapping putative classes asserting claims against Anthem.

*Anthem, Inc., et al.*, No. 1:15-cv-00230, at ¶ 45 (S.D. Ind.), Dkt. 16-3 (defining the plaintiff class broadly as "All persons nationwide whose personal and financial information was compromised by the data breach first disclosed by Anthem on February 4, 2015."); *Babbitt et al. v. Anthem, Inc.*, No. 1:15-cv-0394, at ¶ 14 (S.D. Ind.), Dkt. 147-4 ("The Plaintiff Class consists of all persons who [sic] personal, financial and/or health information was compromised by the data breach first disclosed by Anthem on February 4, 2015."); *cf.* Dkt. 198-3 at ¶ 54 (limiting the *Ross* Plaintiff Class to individuals "who paid money to a member of the Defendant Class in exchange for health care insurance").

> C.  **Centralization Would Ensure That Pretrial Proceedings Are Conducted In An Expeditious And Streamlined Manner.**

Given that the factual issues here and in the other Anthem cases overlap, discovery and other pre-trial issues will also overlap. Obviously, there will be overlap in discovery regarding the facts and circumstances surrounding the Anthem breach. It would be more efficient and just for the parties and witnesses to coordinate discovery of Anthem and related third-parties across all cases by including the *Ross* action in the MDL. Where parties must depose the same witnesses, examine the same documents, and make the same or similar pre-trial motions, the benefits of a single judge supervising these proceedings are "obvious." *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978).

Ross does not, and cannot, deny this overlap. Instead, she argues first that consolidation would force her to "litigate her claims in a jurisdiction that bears little relationship to the core of her case." (Dkt. 223 at 3.) Not only does Ross not explain what she means by that statement, but also she fails to identify any prejudice associated with transfer.[5] Furthermore, Section 1407

---

[5]   Moreover, since the "core of her case" is the Anthem data breach, she fails to explain how transfer to the Southern District of Indiana—the most appropriate forum for MDL 2617—would result in her litigating in a jurisdiction with "little relationship" to her lawsuit.

allows for the "coordinated or consolidated *pre-trial proceedings*" and specifically contemplates that Ross' case will be remanded to the district court from which it was transferred "*at or before* the conclusion of such pretrial proceedings." 28 U.S.C. § 1407(a) (emphasis added).

Second, as a basis for opposing transfer, Ross argues that her claims (and the *Ross* Defendants' defenses) involve separate and "entirely distinct" "questions of fact, discovery, and pretrial rulings." (Dkt. 223 at 2–3.) Not only is that assertion demonstrably false—as even a cursory review of her complaint reveals—but her argument also misunderstands the test for transfer. As explained above, "a complete identity of common factual issues is not a prerequisite to transfer under Section 1407, and the presence of additional facts or differing legal theories is not significant when the actions arise from a common factual core." *In re Home Depot, Inc.*, 2014 WL 7006970, at *1.

The transferee court can, and often does, employ any number of pretrial techniques to efficiently manage a large, dynamic MDL and accommodate any differences in the various consolidated matters. These details, however, are the province of the transferee judge, not the JPML. The Panel has "repeatedly declined to attempt to determine in what way and to what extent the litigation should be coordinated or consolidated. From the very beginning we have left that determination to the discretion of the transferee judge." *In re Equity Funding Corp. of America Securities Litig.*, 375 F. Supp. 1378, 1384 (J.P.M.L. 1973). Ross offers no reason to expect that the transferee court in MDL 2617 will not be capable of appropriately managing any issues unique to the *Ross* case.

## **CONCLUSION**

For the reasons stated above, transfer and consolidation of the *Ross* case with the other Anthem data breach actions is proper and would ensure the streamlined resolution of this litigation to the overall benefit of all parties, the witnesses, and the judiciary.

DATED: May 27, 2015

Respectfully Submitted,

KIRKLAND & ELLIS LLP

By: /s/ Brian P. Kavanaugh
Brian P. Kavanaugh
Katherine Warner
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Phone: (312) 862-2000
Fax: (312) 862-2200
bkavanaugh@kirkland.com

*Attorneys for Defendant The Blue Cross Blue Shield Association*

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

/s/ Mathieu Shapiro
Mathieu J. Shapiro
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1895
Phone: (215) 665-3000
Fax: (215) 665-3165
mathieu.shapiro@obermayer.com

*Attorney for Defendant Independence Blue Cross, n/k/a Independence Health Group, Inc.*